ORIGINAL

RECEIPT NUMBER
506678

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
HEALTH CARE PLAN, TRUSTEES
OF THE OPERATING ENGINEERS'
LOCAL 324 HEALTH CARE PLAN,
OPERATING ENGINEERS LOCAL 324
PENSION FUND and TRUSTEES OF
OPERATING ENGINEERS' LOCAL 324
PENSION FUND,

    Plaintiffs,

v.

CONSOLIDATED CRUSHED STONE, INC.
and DOUGLAS L. BARR a/k/a LEE BARR,

    Defendants.
_____/

04-71469

Case No. ARTHUR J. TARNOW

Hon.

MAGISTRATE JUDGE DONALD A. SCHEER

Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan 48152
(734) 464-3603
_____/

U.S. DIST. COURT CLERK
EAST DIST. MICH.
DETROIT-PSG

'04 APR 21 A8:56

FILED

## COMPLAINT

NOW COME Plaintiffs to complain against Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs Operating Engineers' Local 324 Health Care Plan and Operating Engineers' Local 324 Pension Fund (the "Funds") are jointly-administered trust funds established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "L.M.R.A."), 29 U.S.C. §186, and are administered in Livonia, Wayne County, Michigan. Defined Contribution Plan.

2. The Funds are multiemployer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1002.

3. Plaintiff Trustees of the Funds, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the Funds, in compliance with Section 302 of the L.M.R.A., 29 U.S.C. §186, and appear in this action as representatives of the participants and beneficiaries of the Funds.

4. Corporate Defendant Consolidated Crushed Stone, Inc. is a Michigan corporation with a principal place of business in Mason, Michigan.

5. Individual Defendant Douglas L. Barr a/k/a Lee Barr resides in and/or conducts business in Mason, Michigan.

6. Defendants together operate as a commonly controlled enterprise and act in concert to breach the corporate Defendant's obligation to pay contributions to the Funds and to divert money paid to Defendants to be held in trust for the Funds. (The term "Defendant" will hereinafter refer to all Defendants unless otherwise specified.)

7. Defendant is, or was at all relevant times, in an industry affecting commerce within the meaning of Section Four of ERISA, 29 U.S.C. §1003.

8. Jurisdiction of this Court is predicated on Section 502 of ERISA, 29 U.S.C. §1132, this being a lawsuit to enforce provisions of multiemployer benefit plans representing employees in an industry affecting commerce.

9. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as the Funds are administered, the breach took place and Defendant may be found in this District.

## CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF

10. Plaintiffs reallege paragraphs 1-9 inclusive of this Complaint and incorporate the same herein by reference.

11. During all periods of time relevant to this action, the business entities have been party to a collective bargaining agreement (hereinafter individually and collectively referred to as the "collective bargaining agreement") with International Union of Operating Engineers, Local Union No. 324, 324-A, 324-B, 324-C and 324-D, AFL-CIO (the "Union"), a labor organization representing employees in an industry affecting commerce, relating to work performed in this District.

12. Pursuant to the collective bargaining agreement, Defendant agreed to make periodic payments to the Funds (hereinafter "contributions" or "fringe benefit contributions"), such payments representing withheld wages and fringe benefits earned by employees of Defendant for the benefit of those employees, for the purpose of funding the Defendant's employees' retirement benefits, medical coverage and other benefits of employment.

13. Pursuant to the collective bargaining agreement, Defendant agreed to pay contributions remitted with standard contribution forms by the fifteenth day of the month following the month in which hours were worked requiring such contributions.

14. Pursuant to the collective bargaining agreement, when such submission of payments and contribution forms described above is not made in a timely manner, Defendant agreed to pay liquidated damages at an eighteen percent annual rate of interest on contributions from dates contributions are required to be paid through the dates contributions are paid, as well as attorney's fees and costs incurred in enforcing the Defendant's obligations to the Funds.

15. Pursuant to the collective bargaining agreement, Defendant agreed to maintain accurate books and records of bargaining unit hours worked by its employees and to permit

inspection and audit, at the discretion of the Funds, of all books and records necessary to determine whether Defendant was making all contributions required by the collective bargaining agreement, and to pay all unpaid contributions disclosed in an audit, plus liquidated damages if the audit determined delinquencies in contributions.

16. As a result of Defendant's failure to comply with repeated requests of the Funds for production of its books and records for completion of an audit, the exact amount of fringe benefit contributions and liquidated damages that Defendant owes to the Funds is unknown. Based on information available to the Funds, Defendant owes the Funds at least the sum of $60,582.17, consisting of $52,506.25 in fringe benefit contributions arising from work performed from March 2003 through March 2004, $4,614.78 in liquidated damages on such unpaid contributions as of this date and $3,461.14 in liquidated damages arising from untimely payments of contributions for work performed in November and December 2001 and January, September and October 2002. Based on information available to the Funds, Defendant will accrue at least $3,720.00 in contributions for work performed in each month from April 2004 onward.

17. The amount of fringe benefit contributions arising from work performed by Defendant can only be determined through complete audits of books and records of Defendant covering the period of time from July 2001 onward.

18. Defendant's persistent flaunting of its contractual and statutory obligations to submit contribution reports and pay contributions in a timely manner, and produce books and records for audit, constitutes willful dereliction of Defendant's obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

19. The actions of Defendant described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income which could be realized if Defendant's fringe benefit contributions were remitted in a timely fashion.

20. The actions of Defendant described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendant's activities.

21. The Funds have diligently requested Defendant to submit contribution reports and pay contributions in a timely manner and to otherwise comply with its obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but Defendant continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

22. Under Section 502 of ERISA, 29 U.S.C. §1132, when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the court shall award the unpaid contributions, interest on the unpaid contributions, the greater of interest on unpaid contributions or liquidated damages provided for by the funds in an amount not to exceed twenty percent of the unpaid contributions, and reasonable attorney's fees and costs of the action, as well as all legal or equitable relief as the Court deems appropriate.

23. Defendant may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds, and engaged in misconduct which includes converting money paid to Defendant for the purpose of paying fringe benefit contributions to the Funds, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M.C.L.A. §§570.151-53 for the benefit of Defendant's employees, failing to submit monthly reports

containing information about work performed by Defendant's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

24. As an officer, shareholder and person who makes decisions with respect to the corporate Defendant's compliance with its obligations to the Funds, special circumstances exist to dictate that the individual Defendant maintains responsibility for the corporate Defendant's compliance with its obligations to the Funds, on the basis that the individual Defendant with fraudulent intent improperly diverted money which the corporate Defendant and any other entity composing Defendant was required to hold in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M.C.L.A. §§570.151-53, 29 C.F.R. §2510.3-102 and ERISA, exclusive of other reasons which may independently dictate that the individual Defendant maintains responsibility for the corporate Defendant's compliance with its obligations to the Funds.

25. The individual Defendant is a fiduciary of the Funds as a result of his exercise of authority or control over unpaid fringe benefit contributions that constitute assets of the Funds. The individual Defendant breached his fiduciary duties to the Funds by electing to use money within his authority or control for purposes other than paying required fringe benefit contributions to the Funds.

26. Each Defendant and any successor in interest to, alter ego of, or other entity affiliated with or operated by any Defendant, jointly and severally maintain obligations to:

   A. Pay to the Funds the sum of $60,582.17 arising from work performed through March 2004, and $3,720.00 in contributions for work performed during each month from April 2004 onward, plus all other contributions determined to be owing.

B. Produce all books and records necessary for the Funds' auditors to complete audits of Defendant covering the period from July 2001 onward.

C. File timely and accurate contribution reports with the Funds, remit required fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement of Defendant and any successor to any Defendant requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which any Defendant or its successors are obligated to do so.

D. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

E. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely paid contributions determined to be owing from the dates assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with interest accrued at the eighteen percent annual rate used by the Funds in accordance with 29 U.S.C. §1132(g)(2)(B) and (C).

WHEREFORE, Plaintiffs pray for this Honorable Court to issue a judgment containing the following provisions:

A. Commanding each Defendant and any successor in interest to or alter ego of each named Defendant to:

1. Pay to the Funds the sum of $60,582.17 arising from work performed through March 2004, and $3,720.00 in contributions for work performed during each month from April 2004 onward, plus all other contributions determined to be owing.

2. Produce all books and records necessary for the Funds' auditors to complete audits of Defendant covering the period from July 2001 onward.

3. File timely and accurate contribution reports with the Funds, remit required fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement of any Defendant and any successor to Defendant requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which any Defendant or its successors are obligated to do so.

4. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

5. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely paid contributions determined to be owing from the dates assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with interest accrued at the eighteen percent annual rate used by the Funds in accordance with 29 U.S.C. §1132(g)(2)(B) and (C).

B. Granting Plaintiffs in any supplementary proceeding to enforce a judgment in this action the opportunity to state a sum certain owing to include fringe benefit contributions, liquidated damages, interest, attorney's fees and other costs incurred up to the date of such

supplementary proceeding, certified through signature of Plaintiffs' counsel without further application to the Court, subject to Defendant's right to request a hearing regarding any dispute.

    C. Awarding Plaintiffs all other relief which the Court deems appropriate.

Respectfully submitted,

_____
Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan 48152
(734) 464-3603

Dated: April 15, 2004

C:clients\consolidated Crushed Stone, Inc\complaint.doc

JS 44
(REV. 3/99)

Tarnow
71469-
DAS

**ORIGINAL CIVIL COVER SHEET**  04-71469

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Operating Engineers' Local 324 Fringe Benefit Funds and Trustees of the Operating Engineers Local 324 Fringe Benefit Funds

### DEFENDANTS
Consolidated Crushed Stone, Inc. and Douglas L. Barr a/k/a Lee Barr

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Wayne 26103
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
Jeffrey M. Lesser (P33298)
39040 West Seven Mile Road
Livonia, Michigan 48152
(734) 464-3603

**ATTORNEYS (IF KNOWN)** ARTHUR J. TARNOW
MAGISTRATE JUDGE DONALD A. SCHEER

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure Of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/ Accommodations | HABEAS CORPUS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUES UNLESS DIVERSITY)
Section 502 of ERISA, 29 U.S.C. §1132 - enforcement of terms of multiemployer benefit plans representing employees in an industry affecting commerce.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

**DATE** April 15, 2004
**SIGNATURE OF ATTORNEY OF RECORD** Jeffrey M. Lesser  [signature]

FOR OFFICE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

791

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: